IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **KRISTIN ZIADE**, an individual residing in Missouri, | ) ) ) |
| **T.Z.**, a minor<br>Through Kristin Ziade, her natural guardian | ) ) ) |
| **MICHEL ZIADE**, deceased<br>Through his wife, Kristin Ziade, his heir | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) Civil Action No. 4:24-cv-468 |
| **MARY R. HELBER-JAMBORETZ**<br>7801 NE 74th Place<br>Kansas City, MO 64158-1269 | ) ) ) ) |
| **H J DESIGN, INC.**<br>a Missouri Corporation,<br>6603 H Royal Street, Suite 100<br>Pleasant Valley, MO 64068 | ) ) ) ) ) |
| <u>Service Registered Agent:</u><br>Mary R. Helber-Jamboretz<br>6603 H. Royal Street<br>Pleasant Valley, MO 64068, | ) ) ) ) ) |
| **Defendants.** | ) |

## **COMPLAINT**

Plaintiffs KRISTIN ZIADE, an individual residing in Missouri, T.Z, a minor in the state of Missouri and MICHEL ZIADE, deceased, for their complaint against defendants MARY R. HELBER-JAMBORETZ ("MRHJ") and H J DESIGN, INC. (jointly with MRHJ referred to as "H-J"), alleges and states as follows:

## INTRODUCTION

1. Mr. Michel Ziade was murdered by Willie Parker in July 2015 outside of a medical clinic near the University of Kansas Hospital.

2. Willie Parker was convicted of the murder and sentenced to life without parole for 50 years.

3. The murder has had a lasting impact on the Ziade family, including on Kristin and her minor child, T.Z.

4. For a period of time after the tragedy, Kristin Ziade was incapacitated as a result of her bereavement.

5. Shortly after the tragic incident, Ms. Mary R. Helber-Jamboretz either on her own or with the assistance of her company H J Design, Inc. created a website www.hewasloved.com (the "Unauthorized Website") which was used to solicit funds from third-parties, claiming that the funds were donations to T.Z.

6. H J Design, Inc is a marketing and advertising company which developed and was involved in promoting the Unauthorized Website and soliciting funds from the public along with various photographs for the Website.

7. H J Design, Inc. is advertised on the Unauthorized Website.

8. The Unauthorized Website was promoted on social media, including Facebook, to solicit funds in T.Z.'s name.

9. The Unauthorized Website used unlawfully obtained images which included the likeness of Kristin, Michel, and T.Z. to indicate that the Ziade family approved or endorsed Defendants' actions.

10. This action arises out of Defendants' illegal and improper use and misappropriation of the name and likeness of Plaintiffs, Kristin Ziade, Michel Ziade, deceased, and T.Z., a minor child, in connection with the solicitation of funds on the Unauthorized Website.

11. The solicitations featured Plaintiffs' likenesses from photographic images and used without Plaintiffs' authorization or consent.

12. Plaintiffs did not authorize the solicitation of monies using their name, image or likeness, nor did they authorize or consent to the use of their likenesses on the Unauthorized Website.

13. Instead of soliciting monies for T.Z, which Defendants' advertised on the Unauthorized Website, Defendants have used the funds to enrich themselves.

14. Despite repeated requests, Defendants have refused to provide an accounting to Plaintiff T.Z of the solicited funds and expenditure of the same.

15. The use of Plaintiffs' names, images and likenesses in the offending solicitation falsely suggests that Plaintiffs support and endorsed Defendants' solicitation; they did not.

16. A redacted historical copy of the offending solicitation is attached hereto as Exhibit A.

17. Additionally, without Plaintiffs' authorization or consent, Defendants uploaded at least 13 photographic images containing Plaintiffs' image and likenesses to the Unauthorized Website.

18. A redacted copy of those images are collectively attached hereto as Exhibit B.

19. Defendant MRHJ repeatedly publicly claimed, with the intent to harm Kristin Ziade and her reputation, that Defendant Kristin Ziade murdered her husband, Michel.

20. At the time MRHJ made the public claim, she knew that Willie Parker had been convicted of Michel's murder and that Kristin Ziade did not murder her husband.

21. Without permission and without authorization, Defendants wrote checks and ACH payments to themselves from a financial account associated with Plaintiff Kristin Ziade.

22. Without permission and without authorization, on financial accounts associated with Plaintiff Kristin Ziade, Defendants signed Plaintiff Kristin Ziade's name and authorized certain ACH payments to Defendants.

23. Defendants refuse to account for payments which they made to themselves and which they signed on behalf of Plaintiff Kristin Ziade.

## **PARTIES**

24. Plaintiff Kristin Ziade is an individual residing in Jackson County, Missouri and next friend and natural guardian of minor Plaintiff T.Z.

25. Plaintiff Michel Ziade, who was murdered in July 28, 2015, is the deceased husband of Kristin Ziade, who is the surviving spouse and heir at law of Michel Ziade.

26. Plaintiff T.Z. is the minor child of Kristin and Michel Ziade. At the time of the creation of the Unauthorized Website, T.Z. was under the age of 13.

27. Defendant Mary R. Helber-Jamboretz (MRHJ) is a resident of 7801 NE 74th Place, Kansas City, Missouri.

28. Defendant H J Design, Inc. is a Missouri corporation doing business at 6603 H Royal Street, Ste 100, Pleasant Valley, MO. H J Design, Inc may be served through its Registered Agent: Mary R. Helber-Jamboretz.

## **Jurisdiction and Venue**

29. This Court has federal question subject matter jurisdiction under 28 U.S.C. §§1331, 1337, 1355 and 15 U.S.C. §§45, 53, 1125(a)(1), and supplemental jurisdiction over the remaining claims under 28 U.S.C. §1337.

30. This court has jurisdiction over the subject matter of the complaint pursuant to 15 U.S.C.§ 1121, 28 U.S.C. 1338(a), violations of 16 C.F.R. §312, and over the fraud, misappropriation, defamation, invasion of privacy, conversion and unfair competition causes of action under 28 U.S.C. §1338(b), 28 U.S.C § 1367.

31. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district and the intellectual property that is the subject of the action is situated in this district.

**Facts Common to All Counts**

32. Kristin Ziade and Michel Ziade started a transportation company.

33. Kristin Ziade was president and owner of the transportation company from 2010.

34. Plaintiffs Michel and Kristin operated the Lee's Summit business which provided non-emergency medical transport.

35. Through their years of hard work and dedication, they built their company into one of the most successful transportation companies throughout the Kansas City Metropolitan area.

36. Based in part on their decades of experience running a successful transportation company, Michel's and Kristin's names are well known within the relevant business community including throughout the Kansas City area and the transportation industry.

37. As owners of a successful business, plaintiffs Michel and Kristin's name, image and likeness have value.

-5-

Case 4:24-cv-00468-SRB   Document 1   Filed 07/17/24   Page 5 of 19

38. Michel was the victim of a murder in July 2015 and Kristin and T.Z., their minor child, are his survivors.

39. Kristin and T.Z. limit the public details of their private life, including details about the tragic murder of Michel.

40. Kristin does not share her or her daughter's name, image or likeness online or on websites open to the public where she has no control.

41. While the facts of the tragedy were featured in the media, the public had no right to the private or personal details of the Ziade family, including the right to use the name, image or likeness of T.Z., their minor child.

42. Out of privacy concerns, the Ziade family limited interviews and the facts they were willing to share with the media.

43. After the tragic death of Michel Ziade, Defendants created the Unauthorized Website [www.hewasloved.com](www.hewasloved.com) for the purpose of capitalizing on the sympathy of the Ziade family and goodwill of Plaintiffs to solicit funds from third parties for Defendants' benefit.

44. The Unauthorized Website was published online to anyone with an internet connection, including to residents in Missouri.

45. Defendants created the Unauthorized Website without obtaining permission from Plaintiffs.

46. As part of the Unauthorized Website, Defendants unlawfully obtained and reproduced Plaintiffs' name and likeness without permission or authorization.

47. As part of the Unauthorized Website, Defendants' used Plaintiffs' name, image and likenesses, including T.Z. a minor child, to solicit funds from third parties.

48. Defendants created the Unauthorized Website, falsely claiming they were collecting funds for T.Z., Plaintiffs' minor child.

49. Upon information and belief, at the time Defendants created the Unauthorized Website, Defendants intended to keep the funds which they claimed were for T.Z., Plaintiffs' minor child.

50. The Unauthorized Website disclosed private details of Plaintiff, including the identity and image of T.Z., Plaintiffs' minor child who was under the age of 13, who had a right to privacy from the unauthorized intrusion of the media and public at large.

51. When they published the Unauthorized Website using Plaintiffs name, image and likeness, Defendants took no effort to protect the identify or safety of Plaintiffs, including T.Z., their minor child.

52. By publishing the names, images and likenesses of Plaintiffs in a manner which did not protect the safety of Plaintiffs, including T.Z., their minor child, the Unauthorized Website invaded the privacy of Plaintiffs at a time when they deserved privacy.

53. The public at large has no legitimate interest in Plaintiffs' name, image or likenesses, including T.Z., a minor child under the age of 13.

54. Through the use of Plaintiffs' name, image and likenesses, Defendants falsely represented that they had received the approval and endorsement of Plaintiffs to raise funds for T.Z., their minor child.

55. Defendants used Plaintiffs' likeness and name to falsely represent that Defendants' actions were authorized by Plaintiffs, when in fact they were not.

56. The use of Plaintiffs' name, image and likenesses provided a benefit to Defendants who used the tragic murder of Michel and identified Plaintiffs' minor child to solicit and obtain funds.

57. At the time, Plaintiffs were not aware of Defendants creation of the Unauthorized Website.

58. Plaintiffs were never asked and did not authorize Defendants to use their name, image or likenesses to solicit funds for T.Z., Plaintiffs' minor daughter.

59. Through the solicitation for funds, Defendants humiliated Plaintiffs by implying that Plaintiffs needed the funds to take care of T.Z., their minor child.

60. Through the solicitation for funds, Defendants humiliated Plaintiffs by implying that Plaintiffs had not provided for T.Z., their minor child.

61. Despite claiming that the funds were for T.Z., Defendants have never provided the funds received from the Unauthorized Website to Plaintiffs including T.Z, Plaintiff's minor child.

62. Upon information and belief, Defendants never intended to hand over the funds collected through the Unauthorized Website.

63. Upon information and belief, Defendants have retained or diverted funds received through the Unauthorized Website for their personal use or gain.

64. After learning that Defendants created the Unauthorized Website, Plaintiffs requested an accounting of funds and donations received through the Unauthorized Website.

65. Since Plaintiffs requested an accounting, Defendants have refused to provide an accounting of the Unauthorized Website activities.

66. Upon Information and Belief, Defendants have attempted to destroy evidence of the Unauthorized Website by removing or failing to maintain the Unauthorized Website.

67. The Unauthorized Website improperly disclosed personal information of a child under the age of 13 for the purpose of falsely advertising that the solicited funds were being sought for the benefit of a minor child.

68. To help advertise and solicit funds, Defendants used images of a minor child under the age of 13, without permission and without authorization, with the intent and purpose of capitalizing on the sympathy of viewers to the website and the press coverage of the murder to obtain additional funds.

69. Upon information and belief, third parties viewing the use of Plaintiffs' name, image and likenesses, falsely believed that the Website was authorized or endorsed by Plaintiffs when it was not.

70. Plaintiffs were not consulted with and did not authorize Defendants to use Plaintiffs' name, image and likeness, including those of T.Z., their minor child.

71. Plaintiffs were not consulted with and did not authorize Defendants to publish the name, image, likeness or personal information, including the name of T.Z., their minor child.

72. Defendants were aware that they did not have permission to use Plaintiffs' name, image and likenesses, including those of a minor who was under the age of 13.

73. The Unauthorized Website attached as Exhibit A, clearly featured a "Donate" button along with various credit card logos in an area adjacent to Plaintiffs' name.

74. H-J maintained the Unauthorized Website to solicited additional photos from third-parties to help promote and solicit funds from third parties.

75. H-J received payments from third parties which were intended to go to Plaintiff.

76. By virtue of using images and the name of Plaintiffs' minor child on the Unauthorized Website, an act that legally requires Plaintiffs' agreement and consent even though

none was given here, the Unauthorized Website in and of itself represents that Plaintiffs agreed and consented to the posting of the name, image and likeness of T.Z., their minor child in the Unauthorized Website and thus it falsely implies that Plaintiffs endorsed the use of T.Z. in support of Defendants efforts to solicit funds from the public.

77. Defendants utilized the image of Plaintiffs' likenesses, including that of their minor child, for the purpose of promoting the solicitation of donations for Defendants benefit.

78. Defendants have in fact obtained funds from the use and unauthorized publication of Plaintiffs' name, image and likenesses in amounts at present unknown to Plaintiffs.

79. In a public statement, Defendant MRHJ falsely stated that Plaintiff Kristin murdered her husband, Plaintiff Michel.

80. At the time of the public statement, MRHJ knew that the statement was false or made the statement without regard for whether it was true.

81. At the time of the public statement, MRHJ knew that Willie Parker and not Kristin Ziade murdered Michel Ziade.

82. As a result of MRHJ's public statement, Plaintiff Kristin Ziade's reputation has been harmed.

## COUNT I

## MISAPPROPRIATION OF LIKENESS

83. Plaintiffs incorporate by reference the previous allegations as though fully set forth in this paragraph.

84. This Count is pleaded against all Defendants.

85. H-J created the Unauthorized Website, www.hewasloved.com, using Plaintiffs' name, image and likenesses.

86. H-J created the Unauthorized Website with the intent to solicit donations from third parties to H-J.

87. When H-J created the Unauthorized Website, H-J knew or reasonably should have known that third parties would make donations to H-J.

88. H-J solicited third parties for donations through the Unauthorized Website using Plaintiffs' likenesses with the intent that persons seeing Plaintiffs' name and likenesses would conclude that Plaintiffs endorsed or approved the Unauthorized Website.

89. Notwithstanding H-J's lack of permission or authorization to use Plaintiffs' name, image or likenesses, H-J created the Unauthorized Website and promoted it on-line, including on the internet.

90. Plaintiffs did not authorize H-J to use their name or likenesses in any manner, commercial or otherwise, nor did they authorize use of Plaintiffs' minor child's likeness in connection with a website to solicit donations using the name and image of Plaintiffs' minor child.

## COUNT II

## INVASION OF PRIVACY

91. Plaintiffs incorporate by reference the previous allegations as though fully set forth in this paragraph.

92. This Count is pleaded against all defendants.

93. H-J solicited third parties for donations through the Unauthorized Website using Plaintiffs' likeness with the intent that persons seeing Plaintiffs name and likeness would conclude that Plaintiffs endorsed the Unauthorized Website.

94. When H-J created the Unauthorized Website, www.hewasloved.com, H-J knew or reasonably should have known that third parties would make donations to H-J.

-11-

95. Without permission, the Unauthorized Website revealed Plaintiff's personal information including the name and image of Plaintiffs' minor child, who was under the age of 13.

96. Defendants' use of Plaintiffs' name, image and likeness has resulted in a commercial benefit to Defendants and damaged Plaintiffs.

## COUNT III

## FRAUD

97. Plaintiffs incorporate by reference the previous allegations as though fully set forth in this paragraph.

98. This Count is pleaded against all defendants.

99. H-J solicited third parties for donations through the Unauthorized Website using Plaintiffs' name and likeness claiming that such donations were for the benefit of Plaintiffs' minor child.

100. When H-J created the Unauthorized Website, www.hewasloved.com, with the "Donate" button in association with the name and image of Plaintiff and right next to the name of Plaintiffs' minor child, H-J knew that third parties would make donations to H-J.

101. At the time H-J created the Unauthorized Website, Defendants used Plaintiffs name and likeness to represent that Plaintiffs approved or endorsed the Unauthorized Website.

102. Plaintiffs did not authorize, approve or endorse the Unauthorized Website.

103. Defendants knew that Plaintiffs did not authorize, approve or endorse the Unauthorized Website.

104. Viewers of the Unauthorized Website, reasonably believed that Plaintiffs authorized, approved or endorsed the Unauthorized Website.

105. Use of Plaintiffs' name, image and likeness was so important for the solicitation of funds that H-J did not seek approval, permission or authorization.

106. Defendants' use of Plaintiffs' name, image and likeness has resulted in a benefit to Defendants and damaged Plaintiffs.

## COUNT IV

## DEFAMATION UNDER MISSOURI COMMON LAW

107. Plaintiffs incorporate by reference the previous allegations as though fully set forth in this paragraph.

108. This Count is pleaded against defendant Mary R. Helber-Jamboretz.

109. Defendant MRHJ told members of the public that Plaintiff Kristin Ziade killed her husband.

110. The statement by MRHJ, claiming that Plaintiff Kristin Ziade killed her husband, was false.

111. At the time MRHJ made the false statement, she knew it was false.

112. As a result of the false statement by MRHJ, Plaintiff Kristin Ziade's reputation was harmed.

## COUNT V

## FALSE ENDORSEMENT UNDER LANHAM ACT
## AGAINST ALL DEFENDANTS
15 U.S.C. §1125(a)(1)

113. Plaintiffs incorporate by reference the previous allegations as though fully set forth in this paragraph.

114. This Count is pleaded against all Defendants.

-13-

115. H-J advertised through the Unauthorized Website using Plaintiffs' name, image and likeness with the intent that persons seeing the advertisement would conclude that Plaintiff were involved in the promotion of, and thus was endorsing the Unauthorized Website.

116. Notwithstanding H-J lack of the legal right and/or authority to use Plaintiffs' name, image or likeness, H-J used Plaintiffs' name, image and likeness on the Unauthorized Website for purposes of soliciting funds from third parties.

117. Notwithstanding the above, third parties relying upon the presence of Plaintiffs' name, image and likeness on the Unauthorized Website, made payments to Defendants using the Donate button placed in proximity of Plaintiff's name, image and likeness.

118. Plaintiffs did not authorize H-J to solicit funds or use Plaintiffs name, image or likeness in any manner, commercial or otherwise, nor did Plaintiff authorize use of their likeness in connection with the Unauthorized Website.

119. Defendants' misappropriation of Plaintiffs' name, image and likeness in the Unauthorized Website has damaged Plaintiffs.

**COUNT VI**

**MISLEADING REPRESENTATION OF FACT UNDER LANHAM ACT
AGAINST ALL DEFENDANTS**
15 U.S.C. §1125(a)(1)

120. Plaintiffs incorporate by reference the previous allegations as though fully set forth in this paragraph.

121. This Count is pleaded against all Defendants.

122. Plaintiffs have an interest in their name, image and likeness.

123. H-J Designs, Inc. and its President, Mary R. Helber-Jamboretz advertised its services in the Unauthorized Website using Plaintiffs' likeness with the intent that persons seeing

the advertisement would conclude that Plaintiffs supported and consented to the use of their name, image and likeness in this way; accordingly, by using their name, image and likeness, Defendants knowingly misrepresented that Plaintiff approved and endorsed the Unauthorized Website including the services of H-J Designs, Inc., and the solicitation of funds from third-parties.

124. Plaintiff never authorized Defendants to use her likeness in any manner, commercial or otherwise, in connection with the promotion of their services or the Unauthorized Website.

125. Defendants' misappropriation of Plaintiffs' name, image and likeness in the advertisement of H-J Designs, Inc services and the solicitation of funds in the Unauthorized Website and misrepresentation of their support for H-J Designs, Inc and the solicitation has damaged Plaintiffs.

## COUNT VII

### COMMON LAW TRADEMARK INFRINGEMENT
### AGAINST ALL DEFENDANTS

126. Plaintiff incorporates by reference the previous allegations as though fully set forth in this paragraph.

127. Plaintiffs Kristin Ziade and Michel Ziade have a common law trademark right in their name, image and likeness.

128. Defendants misappropriated Plaintiffs' trademark rights when they used their name, image and likeness to advertise their services and to solicit funds using the Unauthorized Website.

129. Defendants conduct constitutes infringement of Plaintiff Kristin Ziade and Michel Ziade's common law trademark rights in their name, image, and likeness and they have been damaged thereby.

## COUNT VIII

## UNJUST ENRICHMENT AGAINST H-J DESIGNS, INC.

130. Plaintiff incorporates by reference the previous allegations as though fully set forth in this paragraph.

131. This Count is pleaded against all defendants.

132. Defendants, through the Unauthorized Website, solicited funds and advertised their services using Plaintiffs' name, image and likeness without compensation to Plaintiffs.

133. Plaintiffs' rights in their name, image and likeness have commercial value.

134. Upon information and belief, Defendants received funds as a result of their advertisement on the Unauthorized Website.

135. Defendants were unjustly enriched in that they obtained the benefit of using Plaintiffs rights, that did not belong to Defendants, without compensating Plaintiffs for them.

136. Plaintiffs were damaged as a result of Defendants actions.

## COUNT IX

## CONVERSION AGAINST ALL DEFENDANTS

137. Plaintiff incorporates by reference the previous allegations as though fully set forth in this paragraph.

138. Defendants took Plaintiffs' name, image and likeness without authority or permission and without compensation when they created the Unauthorized Website and used it to advertise their services and to solicit funds.

139. Using financial accounts associated with Plaintiff Kristin Ziade, Defendants wrote checks to itself without authorization or permission.

140. Using at least one financial account associated with Plaintiff Kristin Ziade, Defendants issued ACH payments to itself without authorization or permission.

141. Using financial accounts associated with Plaintiff Kristin Ziade, Defendants signed checks and authorized ACH payments to itself without authorization or permission.

142. At the time Defendants wrote the checks, authorized the ACH payments and signed the checks, Defendants knew the financial accounts did not belong to Defendants.

143. At the time Defendants wrote the checks, authorized the ACH payments and signed the checks, Defendants knew the funds in the financial accounts associated with Kristin Ziade did not belong to Defendants.

144. At the time Defendants wrote the checks, authorized the ACH payments and signed the checks, Defendants knew they did not have permission or authorization from Plaintiff Kristin Ziade.

145. Plaintiff did not authorize Defendants to write checks or issue ACH payments from at least one of Plaintiff Kristin Ziade's financial account.

146. Defendants received a financial benefit from the unauthorized and unlawful payments to themselves.

147. Defendants received financial benefits and commercial gain by virtue of their unlawful acquisition and conversion of Plaintiffs' name, image and likeness in the Unauthorized Website.

148. Plaintiff was damaged thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment in her favor and against defendants for the following:

    a. Actual, compensatory, and punitive damages in an amount to be established at trial;

    b. Reasonable attorney fees as determined by the Court;

    c. A permanent injunction enjoining Defendants from using Plaintiffs name, image and likeness in the Unauthorized Website;

    d. A permanent injunction enjoining Defendants from disclosing Plaintiffs private information, including the name of T.Z., Plaintiffs' minor child;

    e. A permanent injunction enjoining Defendant MRHJ from defaming Plaintiff Kristin Ziade;

    f. Pre- and post-judgment interest, and

    g. Such other and further relief as may be just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests trial by jury of the above-styled matter.

Respectfully submitted,

*/s/ Arthur K. Shaffer*
Thomas R. Buchanan, MO # 45612
Arthur K. Shaffer, MO # 51229
McDowell, Rice, Smith & Buchanan, P.C.
605 West 47th Street, Suite 350
Kansas City, MO 64112-1905
tbuchanan@mcdowellrice.com
ashaffer@mcdowellrice.com
*Attorneys for Plaintiffs*